IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA LEE-KLEIN, | No.  2:19-CV-2335-DMC |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

        Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the Court in this closed case are: (1) Plaintiff's counsel's motion for attorney's fees and costs under the Equal Access to Justice Act (EAJA), ECF No. 27; and (2) Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b), ECF No. 34.  Defendant filed an opposition to Plaintiff's counsel's EAJA fees motion, ECF No. 32, and Plaintiff's counsel filed a reply, ECF No. 33.  Defendant has filed a notice of no objection to Plaintiff's counsel's motion under § 406(b), ECF No. 35.  Plaintiff was provided notice of counsel's § 406(b) motion and has not filed any response thereto.

/ / /

/ / /

1

By way of his motion under the EAJA, Plaintiff's counsel seeks an award of $12,709.14 in attorney's fees and $33.77 in costs.  In his reply, Plaintiff seeks an additional award of attorney's fees under the EAJA for work done in replying to Defendant's opposition to the EAJA fees motion in the amount of $870.08.  The total amount sought under the EAJA is $13,579.22 in fees and $33.77 in costs.  By way of his motion under § 406(b), Plaintiff's counsel seeks an award of $23,540.75 in attorney's fees, representing 25% of past-due benefits awarded to Plaintiff as permitted under counsel's fee agreement with Plaintiff.

## I. PROCEDURAL HISTORY

Plaintiff's representation in this case was provided by way of a July 31, 2018, contingent fee agreement whereby Plaintiff agreed to pay counsel 25% of any past-due benefits awarded by the agency if Plaintiff is awarded such benefits following a district court remand, less amounts already paid to counsel under the Equal Access to Justice Act (EAJA).  See ECF No. 34-2.  Plaintiff initiated this action for judicial review of an unfavorable administrative decision on November 16, 2019.  See ECF No. 1.  Following briefing by the parties, the matter was remanded for further administrative proceedings.  See ECF No. 25.

On May 6, 2022, after further administrative proceedings incident to this Court's remand order, the agency issued a decision in favor of Plaintiff.  See ECF No. 34-3.  Plaintiff was determined to be disabled since September 19, 2011.  See id.  Plaintiff was subsequently informed by the agency that $94,163.00 in past-due benefits had been awarded and that a total of $23,540.75 had been withheld for payment to counsel under § 406(b), representing 25% of the total past-due benefits awarded.  See ECF No. 34-5.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## II.  DISCUSSION

Before the Court are separate motions for attorney's fees filed by Plaintiff's counsel.  Counsel seeks an award of attorney's fees under the EAJA and 42 U.S.C. § 406(b).

### A.     **EAJA Motion**

Because this Court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes.  See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995).  Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand.  28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569.  No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail.  See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988).  The Commissioner's position is substantially justified if there is a genuine dispute.  See Pierce v. Underwood, 487 U.S. 552 (1988).  The burden of establishing substantial justification is on the government.  See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the Court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court.  See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998).  Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.  See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).  "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570).  If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA

fees is warranted. See Flores, 42 F.3d at 569-71. A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

Under the EAJA, the Court may award "reasonable attorney's fees," which are set at the market rate. See 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The Court has an independent duty to review the evidence and determine the reasonableness of the fees requested. See Hensley, 461 U.S. at 433, 436-47. The "court can impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)). A reduction of more than 10% requires specific findings regarding the unreasonableness of the amount reduced. See id.

Finally, in most cases fees awarded under the EAJA are payable directly to the client, not counsel. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

In opposition to Plaintiff's counsel's EAJA motion, the Commissioner argues that the fees requested are not reasonable. See ECF No. 32. Because the Commissioner presents no argument related to substantial justification, the Court concludes that the Commissioner has not met his burden in this regard and finds that the government's position in this case was not substantially justified. This finding is consistent with the post-remand agency decision to award past-due benefits.

Regarding the reasonableness of the attorney's fees requested under the EAJA, the Commissioner contends that, given Plaintiff's counsel's experience, Plaintiff's counsel should not have required 9.5 hours of paralegal time and 75.2 hours of attorney time to present Plaintiff's case in the District Court. See id. at 3-4. The Commissioner also contends that counsel

inappropriately billed for clerical work. See id. at 4-5. The Commissioner proposes that an award under the EAJA in this case be limited to $6,271.46 in attorney's fees – half of counsel seeks. See id. at 5. In addition to the foregoing issues, and consistent with the duty to conduct an independent review, the Court will also consider the reasonableness of the claimed paralegal rate of $130.00 per hour.

        1.      <u>Paralegal Rate</u>

The invoice attached to Plaintiff's counsel's motion indicate that counsel's paralegal, Mr. Ragnes, billed a total of 9.5 hours at a rate of $130.00 per hour. See ECF No. 27-2. Plaintiff's counsel has billed a total of 43.5 hours at a rate of $130.00 per hour for his paralegal Mr. Ragnes. See ECF No. 36-2. The Court has examined Mr. Ragnes's education and experience, including his law degree, and finds that the claimed $130.00 per hour is appropriate.

        2.      <u>Clerical Tasks</u>

The Commissioner contends:

> . . . Plaintiff charges for clerical work (*see* Dkt 27-2 at, e.g., Jul 18, 2018, through Nov 08, 2018; Nov 16, 2019). Such work is not compensable under the EAJA. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("purely clerical or secretarial tasks" should not be billed, even at paralegal rates); *see also Spegon*, 175 F.3d at 553 (tasks ordinarily performed by a secretary or other clerical person, such as updating case lists and calendars, conferences regarding communications with court clerks, document preparation and copying, are not compensable under the federal fee shifting statutes even if performed by an attorney); *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 (5th Cir. 1980) (work commonly performed by a non-attorney should be unrecoverable overhead); *Mobley v. Apfel*, 104 F. Supp 2d. 1357, 1360 (M.D. Fla. 2000) ("clerical tasks (such as preparing a service of process, filing a complaint, and receiving a return of service and other documents)" are not recoverable under the EAJA).

ECF No. 32, pgs. 4-5.

The Commissioner challenges three time entries from July 18, 2018, through November 8, 2018, and a single entry on November 16, 2019. As indicated in counsel's time statement, ECF No. 27-2, the four entries at issue are as follows:

///

///

///

5

| Date | Description | Staff | Hours | Amount |
|---|---|---|---|---|
| July 18, 2018 | Confer with potential client re case; prepare retention agreement & In Forma Pauperis; mail to client for completion. | Ragnes | 0.3 | No charge |
| August 7, 2018 | Communication and email re non-retention, filing deadline, and procedure for requesting more time from AC. | Ragnes | 0.2 | $26.00 |
| November 8, 2018 | Receive untimely executed documents for retention; e-mailed claimant's representative re whether Ms. Lee-Klein requested more time from AC to seek DC review. | Ragnes | 0.2 | $26.00 |
| November 16, 2019 | Confer with Mr. Weems re filing; prepare complaint and civil cover sheet and per instruction; e-file with Application to proceed In Forma Pauperis. | Ragnes | 0.5 | $65.00 |

The Court does not evaluate the July 18, 2018, entry because the time was not billed. As to the remaining three entries – August 7, 2018, November 8, 2018, and November 16, 2018 – the Court disagrees with the Commissioner that the tasks described are clerical. While it may occasionally be difficult to draw bright lines between tasks appropriately performed by a paralegal and that which could arguably be performed by a less experienced clerical assistant, no such ambiguity exists in the billing entries at issue here. These paralegal functions are appropriately billed as such, and there exists no reason to deduct these entries from those otherwise subject to payment here.

3.   Excessiveness of Time Billed

In seeking a 50% reduction in any award of fees under the EAJA, the Commissioner largely relies on the contention that, given Plaintiff's counsel's experience, he should have been able to complete the case in the 20- to 40-hour range instead of a combined paralegal and attorney time of approximately 80 hours. See ECF No. 32, pgs. 3-4.

/ / /

/ / /

/ / /

6

The Court does not agree that the amount of time billed in this case was excessive. The Certified Administrative Record consisted of 806 pages. See ECF No. 14. Even at a fast clip of one page per minute, the record alone would have taken counsel at least 13.4 hours to review. Plaintiff's counsel's time entries reflect that counsel and counsel's paralegal spent a combined 19.4 hours for record review. See ECF No. 27-2. The Court finds that this amount of time is within the range of reasonableness given the size of the record. Counsel's time entries reflect that counsel spent another 37.6 hours preparing Plaintiff's opening brief in this case. See id. The Court finds that this amount of time is not unreasonable for preparation of a 36-page brief raising six discrete claims of agency error. Plaintiff's counsel also reasonably spent 4.8 hours to review the Commissioner's brief consisting of 24 pages. See id. For the reply brief, counsel billed 15.9 hours, which the Court also finds reasonable for a 23-page response and Plaintiff's last word before the case being submitted. Of the few remaining hours billed by Plaintiff's counsel in this case, time was reasonably spent reviewing this Court's final decision, preparing time entries, and preparing counsel's motion for fees and costs under the EAJA.

**B.  Section 406(b) Motion**

Under the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). No other fee may be payable or certified for such representation except as allowed in this provision. See id.

A remand constitutes a "favorable judgment" under § 406(b). See Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993). While the Ninth Circuit has not directly addressed the issue, all other circuits to address the issue have concluded that the district court is authorized to award fees under § 406(b) when it remands for further proceedings and, following remand, the claimant is awarded past-due benefits. See Garcia v. Astrue, 500 F. Supp. 2d 1239, 1243 (C.D. Cal. 2007). Limiting § 406(b) awards to cases in which the district court itself awards past-due benefits would discourage counsel from requesting a remand where it is appropriate. See Bergen

v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

The 25 percent statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee actually requested is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. "In determining the reasonableness of fees sought, the district court must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 793 and 808).

The Supreme Court has identified five factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court. See Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808). Those factors are: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. See id.

Finally, an award of fees under § 406(b) is offset by any prior award of attorney's fees granted under the Equal Access to Justice Act. See Gisbrecht, 535 U.S. at 796.

The Commissioner has filed a response to Plaintiff's counsel's § 406(b) motion. See ECF No. 35. The Commissioner agrees that the amount sought is appropriate under the law and the fee agreement in this case and asks only that any award under § 406(b) be offset by any amounts awarded under the EAJA. See id. The Court, therefore, considers Plaintiff's counsel's § 406(b) motion as unopposed. In this case, having considered the factors above, the Court finds Plaintiff's counsel's request reasonable given the fee agreement with Plaintiff, the results achieved, and the lack of any evidence of dilatory conduct designed to increase past-due benefits.

///

///

### III. CONCLUSION

Plaintiff's counsel's motion under the EAJA requests payment of fees directly to counsel. Counsel is not normally entitled to direct receipt of fees under the EAJA, so that the government may offset the payment with the plaintiff's debt. See Astrue v. Ratliff, 560 U.S. 586, 598 (2010). Since the decision in Ratliff, many courts in this district have authorized payment of fees under the EAJA directly to Plaintiff's counsel. See e.g., Nobles v. Berryhill, 2017 U.S. Dist. LEXIS 172075 (E.D. Cal. 2017), Alvarado v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 118354 (E.D. Cal. 2018), Blackwell v. Astrue, 2011 U.S. 35744 (E.D. Cal 2011). These payments directly to counsel are based upon the government's discretionary ability to reject assignment of any claims against it to third parties under the Anti-Assignment Act. See United States v. Kim, 806 F.3d 1161, 1169-70 (9th Cir. 2015). This discretionary ability to reject assignment of claims "applies to an assignment of EAJA fees in a social security appeal." Yesipovich v. Colvin, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015). Plaintiff's counsel has furnished his agreement with Plaintiff providing that he be paid any EAJA fees directly, minus any offset due to any potential outstanding debt by Plaintiff. Because the government has not challenged this assignment, may still offset any of Plaintiff's debt, and may discretionarily reject the assignment, EAJA fees will be made payable to counsel.

The total amount sought under the EAJA is $13,579.22 in fees and $33.77 in costs. These fees and costs are reasonable, and will be awarded. As discussed above, the Court rejects the proposed reductions to the award of fees, as sought on the basis of an allegedly excessive hourly rate for paralegal services and erroneous billing for clerical tasks. As such, the total award of fees and costs shall be consistent with the amounts specified above.

Typically, fees and costs under the EAJA are awarded before a motion under 406(b) is filed and such fees and costs are ordered paid directly to the plaintiff. In this typical situation, if § 406(b) fees are later awarded at 25% of past-due benefits paid, counsel is directed to reimburse the plaintiff for amounts previously paid under the EAJA. This is because counsel are entitled to no more than 25% of past-due benefits awarded and, without the offset for EAJA awards, counsel would recover more than 25%. Here, because both motions are being addressed

simultaneously, and because the Court will direct payment of the EAJA award directly to Plaintiff's counsel, to avoid overpayment to counsel the Court will direct that Plaintiff be reimbursed for amounts awarded under the EAJA once Plaintiff's counsel receives payment from the agency for fees under § 406(b). Thus, the total award payable to Plaintiff's counsel for both motions will ultimately be the maximum allowable, with Plaintiff being reimbursed for EAJA fees paid to counsel.

        Accordingly, IT IS HEREBY ORDERED as follows:

    1.    Plaintiff's motion for an award of fees under the EAJA, ECF No. 27, is GRANTED in part.

    2.    Plaintiff is awarded $13,579.22 in fees plus $33.77 in costs under the EAJA, payable to Plaintiff's counsel subject to any offset of debts.

    3.    Plaintiff's counsel's motion under 42 U.S.C. § 406(b), ECF No. 34, is GRANTED.

    4.    Plaintiff's counsel is awarded fees pursuant to 42 U.S.C. § 406(b) in the amount of $23,540.75, payable to counsel by the Commissioner of Social Security out of past-due benefits awarded to Plaintiff and withheld by the agency, to the extent such benefits have not already been paid to Plaintiff.

    5.    One payment from the Commissioner for fees under § 406(b) is received by counsel, counsel shall reimburse to Plaintiff $13,579.22 in fees and $33.77 in costs previously paid to counsel under the EAJA.

Dated:  February 1, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE